IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TABEUS DEWAYNE ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-cv-144-WHA-JTA |
| | ) | [WO] |
| CHILTON COUNTY. JAIL, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Tabeus Dewayne Robinson, who is detained at the Chilton County Jail ("Jail"), has filed an amended complaint under 42 U.S.C. § 1983. (Doc. No. 5.) As discussed below, the amended complaint should be dismissed prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

I. ALLEGATIONS

The allegations in the amended complaint are no model of clarity. In count I, Plaintiff alleges that his wallet, ID, ATM card, and cell phone were stolen and used, costing Plaintiff an unspecified amount of money. (Doc. No. 5 at 2–3.) Plaintiff appears to implicate Omar Tyus in this theft. (*See id.* at 3.) Further, Plaintiff alleges that his phone is in the Jail's possession and that "pictures were shown [and] a movie was made [and] shown in the Jail." (*Id.*)

In count II, Plaintiff realleges that his "ATM card was used [and] personal information was taken off [his] phone." (*Id.*) Further, Plaintiff alleges that "money has been

taken from [his] inmate account for phone calls, store draw, [and medical] that everyone else is using from [Veterans Affairs] [sic]." (*Id.*) Plaintiff does not specify which Defendants, if any, are responsible for this conduct. (*See id.*)

In count III, Plaintiff appears to allege that his personal information from Veterans Affairs was shared with prisoners and that prisoners were paid by unspecified individuals. (*See id.*) Apparently, this disclosure of Plaintiff's personal information caused Plaintiff to receive death threats. (*See id.*) Plaintiff adds that unspecified individuals listen to his unsecured phone calls. (*Id.*)

Plaintiff attaches a supplemental sheet to his amended complaint in which he alleges that prisoners "are allowed to go through [his] private property." (Doc. No. 5-1 at 3.) Further, Plaintiff alleges that nondefendants Officer Oliver and Sergeant Hubbert stole his papers and document numbers and "left his property" so other prisoners could steal his belongings. (*Id.*) Plaintiff adds that Defendants Ann Davis and Kathy Garris and nondefendant Walter Hayden have been stealing his "SSI money." (*Id.*)

Based on these allegations, Plaintiff feels that his life is "in danger" and seeks unspecified injunctive relief. (Doc. No. 5 at 4.)

## II.   LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint under 28 U.S.C. § 1915(e)(2). *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam). Under § 1915(e)(2)(B)(i), the Court must dismiss any *in forma pauperis* action that is frivolous. As relevant here, a claim is frivolous where it is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Under § 1915(e)(2)(B)(ii), the Court must dismiss any *in forma pauperis* action when the prisoner's complaint fails to state a claim on which relief may be granted. The same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under § 1915(e)(2)(B)(ii), the Court must dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the complaint under § 1915(e)(2)(B)(ii), the Court takes the allegations as true and construes them in the most favorable light. *See Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a district court is not required to "'rewrite an otherwise deficient pleading in order to sustain an action.'" *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (per curiam) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014)).

## III.   DISCUSSION

A.   The Jail is an Improper Party

Plaintiff names the Jail as a Defendant. (Doc. No. 5 at 2.) As the Court notified Plaintiff in its order for an amended complaint, the Jail is not a legal entity subject to suit under § 1983. (Doc. No. 4 at 1–2.) Therefore, Plaintiff's claims against the Jail are not viable.

B.   Plaintiff Has Not Alleged a Basis for Municipal Liability

Plaintiff names "Chilton County System" as a Defendant, which the Court interprets as Chilton County. However, "[a] municipality may be held liable under § 1983 [only] if the plaintiff shows that a 'custom' or 'policy' of the municipality was the 'moving force' behind the constitutional deprivation." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690–94 (1978)). Here, because Plaintiff has not alleged the existence of such a policy or custom, his claims against Chilton County are not viable.

C.   Lack of Personal Involvement by Defendant Underwood

Plaintiff names Benjamin Underwood as a Defendant, whom the Court will infer is a Jail employee. (Doc. No. 5 at 1.) To state a facially plausible § 1983 claim against a state actor in his or her individual capacity, Plaintiff must allege "that [he or she was] personally involved in acts or omissions that resulted in the constitutional deprivation." *See Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) (citation omitted); *see also Iqbal*, 556 U.S. at 677 (under § 1983 "each Government official . . . is only liable for his or her own misconduct").

Here, Plaintiff has not expressly alleged that Defendant Underwood was involved in any of the conduct he contends violated his civil rights, and his conclusory allegations are not amenable to this inference. Absent any supporting allegations, simply naming an individual as a Defendant is an insufficient basis to infer that he or she is involved in, or otherwise responsible for, the alleged constitutional deprivations. *See Iqbal*, 556 U.S. at 677–78; *cf. Dixon v. Burke Cty., Ga.*, 303 F.3d 1271, 1275 (11th Cir. 2002) ("Without causation, [the plaintiff's] § 1983 case fails as a matter of law."). Consequently, Plaintiff's claims against Defendant Underwood are not viable.

D.    Failure to State a Claim

Plaintiff names Omar Tyus, Ann Davis, and Kathy Garris as Defendants. (Doc. No. 5 at 1.) Also, in his supplement, Plaintiff alleges that Officer Oliver, Sergeant Hubbert, and Walter Hayden violated his civil rights. (*See* Doc. No. 5-1 at 3.) Liberally construing the amended complaint, the Court will infer that Plaintiff intended to name Officer Oliver, Sergeant Hubbert, and Walter Hayden as Defendants. The question, then, is whether Plaintiff has stated any facially plausible § 1983 claims against any of these Defendants.

To state a claim for relief under § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (emphasis added) (citation omitted). Thus, the first step in analyzing a § 1983 claim is to identify the specific constitutional right allegedly infringed. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) (citation omitted).

Here, the Court liberally construes the amended complaint to allege due process violations based on Defendants' alleged: (1) theft of Plaintiff's personal property; and (2) dissemination of Plaintiff's personal information, thereby jeopardizing his safety.

        1.        Theft of Personal Property

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Id.*; *see Tinney v. Shores*, 77 F.3d 378, 382 (11th Cir. 1996) (per curiam) (to state a due process claim based on a state employee's intentional deprivation of personal property, the prisoner must allege that state law fails to "provide[him] with an []adequate post-deprivation remedy"). "[T]he State of Alabama provides adequate postdeprivation remedies [because it] provides for 'a method of payment by the State of Alabama or any of its agencies, commissions, boards, institutions or departments to persons for injuries to person or property' caused by any of those bodies." *Holt v. Givens*, 757 F. App'x 915, 922 (11th Cir. 2018) (per curiam) (quoting Ala. Code § 41–9–60); *accord Browning v. City of Wedowee, Ala.*, 883 F. Supp. 618, 623 (M.D. Ala. 1995) ("[A]n aggrieved person may file a claim with the state Board of Adjustment to recover damages to property caused by the state of Alabama or any of its agencies." (citing Ala. Code § 41–9–60)).

Here, Plaintiff can file a claim with the Board of Adjustment to recover damages for the alleged theft of his personal property. Therefore, he has an adequate postdeprivation remedy under Alabama law for this alleged loss. Nor has Plaintiff alleged that he has attempted to avail himself of this remedy. Accordingly, he has failed to state a facially plausible due process claim based on Defendants' alleged theft of his personal property.

### 2.  Deliberate Indifference to Safety

Plaintiff alleges that Defendants disseminated his personal information to other prisoners, thus endangering him. The Court liberally construes these allegations as a claim that Defendants have been deliberately indifferent to Plaintiff's safety in violation of due process.

Because Plaintiff's allegations indicate that he was a pretrial detainee when the events underlying his amended complaint occurred, he must bring his deliberate indifference claim under the Due Process Clause. *Cottone v. Jenne*, 326 F.3d 1352, 1357 n.4 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). "When analyzing [deliberate indifference] claims under the Due Process Clause, the Eleventh Circuit often refers to precedent under the Eighth Amendment's Cruel and Unusual Punishment Clause." *See Grochowski v. Clayton Cnty., Ga.*, 961 F.3d 1311, 1318 (11th Cir. 2020) (citations omitted).

A "prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Fourteenth Amendment." *Id.* (citation and internal quotation marks omitted). "Whether a risk of harm is substantial is an objective inquiry." *Id.* "The 'deliberate indifference' component is a subjective inquiry that requires a plaintiff to show

7

that the defendants 'acted with a sufficiently culpable state of mind.'" *Id.* (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004)).

Here, Plaintiff alleges that Defendants: (1) made a movie and shared it with prisoners; (2) shared his pictures and Veterans Affairs information with prisoners; (3) listened to his phone calls;[1] (4) allowed prisoners to go through his private property and steal his belongings; and (5) paid prisoners. (*See* Doc. 5 at 3; Doc. 5-1 at 3.) As a result, Plaintiff allegedly received "death threats" and "feel[s his] life is in danger." (Doc. 5 at 3–4.) Plaintiff adds that prisoners have been killed by prison employees or prisoners working for them. (*See id.* at 4.)

Here, Plaintiff has not adequately alleged that he faces a substantial risk of serious harm. Although Plaintiff alleges that Defendants' dissemination of his personal information caused him to receive death threats, this allegation is conclusory. Plaintiff does not reasonably describe the content, source, frequency, or manner of the alleged threats or reasonably provide any other details about the circumstances in which Plaintiff received them. Such "conclusory [factual] statements," without more, do not support a reasonable inference that Plaintiff faces a substantial risk of serious harm. *See Iqbal*, 556 U.S. at 678.

---

[1] "Numerous courts . . . have held as a matter of law that there is no reasonable expectation of privacy in outgoing telephone calls from a prison, even if there is no actual notice that the calls will be intercepted." *United States v. Freeman*, No. 09-80104-CR, 2010 WL 989227, at *9 (S.D. Fla. Mar. 16, 2010) (collecting cases), *report and recommendation adopted*, No. 09-80104-CR, 2010 WL 1169783 (S.D. Fla. Mar. 24, 2010), *aff'd*, 438 F. App'x 864 (11th Cir. 2011). In any event, without more, the mere allegation that Defendants listened to Plaintiff's phone calls does not state a facially plausible § 1983 claim. *See Iqbal*, 556 U.S. at 678.

Without more, nor does Plaintiff's allegation that prisoners have been killed support a reasonable inference that he faces a substantial risk of serious harm. This is an allegation that Plaintiff faced a generalized risk of harm at the Jail. However, "[i]n general, a plaintiff must show more than a generalized awareness of risk to make out a deliberate-indifference claim." *Marbury v. Warden*, 936 F.3d 1227, 1234 (11th Cir. 2019) (citation and internal quotation marks omitted). "To establish deliberate indifference based on a generalized risk, the plaintiff must show that serious inmate-on-inmate violence was the norm or something close to it." *Id.* (citation and internal quotation marks omitted); *see also Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1583 (11th Cir. 1995) (plaintiff faced substantial risk of serious harm when fights causing injuries requiring medical attention and hospitalization regularly occurred between inmates).

Here, Plaintiff has not adequately alleged that serious prisoner-on-prisoner violence was the norm at the Jail. Rather, he conclusorily alleges that prisoners have been killed by prison employees and other prisoners. Without more allegations regarding the frequency of, and other circumstances surrounding, these alleged killings, Plaintiff's allegations do not support a reasonable inference that "violence and terror reign[ed]" at the Jail. *See Marbury*, 936 F.3d at 1234. Thus, Plaintiff's allegations do not plausibly suggest that this generalized risk of violence constituted a substantial risk of serious harm.

Furthermore, assuming Plaintiff faced a substantial risk of serious harm, Plaintiff has not adequately alleged that Defendants were deliberately indifferent to this risk. Without more, Plaintiff's vague allegations that Defendants shared his personal information with, and paid, other prisoners do not support a reasonable inference that

Defendants were subjectively aware of, and disregarded, a substantial risk to his safety. *See Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013) (citation omitted); *see also Murphy v. Turpin*, 159 F. App'x 945, 948 (11th Cir. 2005) (per curiam) ("[T]he allegations of [the prisoner's] complaint do not show the requisite subjective knowledge of a risk of serious harm . . . .").

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's amended complaint (Doc. No. 5) be DISMISSED without prejudice prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

2. This case be CLOSED.

It is ORDERED that **on or before July 8, 2022**, Plaintiff may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

The Clerk is DIRECTED to send Plaintiff a copy of this Recommendation.

DONE this 23rd day of June, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE